UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY

CARGOTEC CRANE AND ELECTRICAL
SERVICES, INC.

    Plaintiff,

v.                                                Case No.: 3:16-cv-361-MMH-MCR

NORTHCLIFFE OCEAN SHIPPING &
TRADING CO., INC., *in personam*;  the Motor Tug
RIO BRAVO, her engines, tackle, furnishings, etc. and
the barge BIG MAX, *in rem*.

    Defendants,

_____/

## VERIFIED SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Cargotec Crane and Electrical Services, Inc. (hereinafter "Cargotec"), by and through its undersigned counsel, and in compliance with the Court's Order dated August 17, 2016 (Doc. #27) that the Complaint be verified in order to comply with the Local Admiralty Rules, files a Verified Second Amended Complaint. This Verified Second Amended Complaint is substantively the same as the Second Amended Complaint (Doc. #8) previously filed herein, with the exception of the addition of the Verification by the Plaintiff, and the correction of some errors which do not affect the substance of the Second Amended Complaint. The Plaintiff brings this action against the Defendants, Northcliffe Ocean Shipping & Trading Co., Inc. (hereinafter "NOSAT") *in personam*, and the flotilla of the Motor Tug Rio Bravo, her engines, tackle, furnishings, etc. and the Barge Big Max, *in rem*, and alleges as follows:

1. This Court has jurisdiction over this cause pursuant to the provisions of Article 3, Section 2 of the United States Constitution and Section 1333 of Title 28, United States Code. This is an admiralty and maritime matter within the meaning of Federal Rule of Civil Procedure 9(h). In the alternative, and solely to the extent that this Court lacks admiralty and maritime jurisdiction, this Court also has jurisdiction pursuant to the provisions of Section 1332 of Title 28, United States Code. The is an action between citizens of different States with an amount in dispute in excess of $75,000, exclusive of interest and costs.

2. At all times material hereto, the Plaintiff, Cargotec Crane and Electrical Services, Inc. was and still is a Delaware corporation with its principal place of business at 415 E Dundee St, Ottawa, KS, 66067. Cargotec was previously a division of Kalmar USA, Inc. which is the successor and assignee of the contracts between Kalmar and the Defendant which form the basis of this action.

3. At all times material hereto, the Defendant, Northcliffe Ocean Shipping and Trading, Inc. (hereinafter "NOSAT") was and still is a Georgia corporation with its principal place of business at 207 Marina Dr, Saint Simons Island, GA 31522 which operates, conducts, engages in, and or carries on a business or business venture in the State of Florida.

4. NOSAT has sufficient "minimum contacts" with the State of Florida to satisfy federal due process standards. NOSAT is the owner *pro hac vice* of the Motor Tug Rio Bravo and the barge Big Max, both of which are home ported in Jacksonville, Florida. The Motor Tug Rio Bravo is, at the time of the filing of this complaint, docked in Green Cove Springs, Florida. Further, upon information and belief, the barge Big Max is also docked in Green Cove Springs, Florida. NOSAT is also the registered owner of the Motor Tug Sea Eagle which is home ported in Jacksonville, Florida. The Motor Tug Sea Eagle is, at the time of the filing of this complaint,

docked in Port Canaveral, Florida. NOSAT has since 2013 regularly operated a tug and barge service from the State of Florida to the island of Andros in the Bahamas. Further, the U.S. Maritime Administration lists NOSAT as the owner of at least three other tugs (the Motor Tug Cheetah, the Motor Tug Ybor City, and the Motor Tug El Puma Grande) and nineteen (19) barges, all of which are, upon information and belief, home ported in Green Cove Springs, Florida. On February 22, 2015 NOSAT was awarded a contract by the Military Sealift Command to transport cargo from Connecticut to Florida pursuant to MSC contract N00033-14-R-5224. Based upon its extensive contacts with the State of Florida, the Defendant can reasonably have anticipated having to defend against a lawsuit in Florida.

5. Further, NOSAT has sufficient contacts with the State of Florida to satisfy the Florida long arm standards found in §48.193 of Florida Statutes. NOSAT engages in substantial, and not isolated activity within the State of Florida, both in interstate and intrastate commerce, and is thereby subject to the jurisdiction of federal courts sitting in the State of Florida.

6. At and during all times mentioned herein the Motor Tug Rio Bravo was and still is a U.S. flag tug boat bearing IMO #8333207, Call Sign WDF5037, and MMSI #367458640. The vessel is 325 gross tons, has a length overall of 100 ft, a breadth of 30 feet, and draft of 10.5 feet, and was built in 1973. She is currently moored in Green Cove Springs, Florida. The Barge Big Max is a deck barge with a length overall of 260 feet, a breadth of 72 feet, and a gross tonnage of 2164. It is registered in Jacksonville, Florida and upon information and belief is currently docked in Green Cove Springs, Florida. The Motor Tug Rio Bravo and Barge Big Max were, in connection with the matters alleged in this complaint, operated as a flotilla for the purpose of transporting a Craft-Amclyde Whirley Type Dock Crane (hereinafter "Dock Crane

36" abbreviated DC-36) from Norfolk Naval Shipyard to the Trident Repair Facility at Kings Bay, Georgia.

## COUNT I

The Plaintiff realleges the statements contained in paragraphs 1 through 6 and further alleges:

7. On or about September 2, 2014 Kalmar USA, the predecessor of the Plaintiff, Cargotec and the Defendant, NOSAT, entered into a contract, a copy of which is attached hereto as Exhibit "A." Thereafter the dates of performance under the contract were amended by the mutual agreement of the parties, as reflected in numerous contemporaneous written communications. Under the terms of the contract the Plaintiff was to provide rigging, securing, and other services to the Defendant in exchange for a payment of monies. Some of those services, including preparing the barge to accept the delivery of the crane, were provided to the Defendant in Green Cove Springs, Florida.

8. Thereafter, on or about November 18, 2014 the Motor Tug Rio Bravo and the Barge Big Max arrived in Norfolk, Virginia and the Plaintiff performed the services outlined in the contract by loading a Whirley crane known as "DC-36" aboard the barge.

9. On or about December 22, 2014 the Motor Tug Rio Bravo and the Barge Big Max arrived at the TRF in Kings Bay, Georgia and Plaintiff performed the services outlined in the contract by discharging a Whirley crane from the Barge Big Max to the dock, and successfully delivering the crane onto the rails at the TRF.

10. The Defendant has promised to pay the Plaintiff for its services, but to date has failed to do so. At first the Defendant claimed that it was awaiting payment from the Military

Sealift Command and later claimed that even though it had been paid by the MSC, that it no longer had the money to pay to the Plaintiff.

11. NOSAT has made a partial payment of $405,500. Based upon the foregoing the Defendant is indebted to the Plaintiff in the sum of $563,500 plus prejudgment interest and costs.

WHEREFORE, the Plaintiff demands damages from the Defendant, NOSAT, for the full amount of its losses plus prejudgment interest, and costs, the sums sued for in this complaint.

## COUNT II

The Plaintiff realleges the statements contained in paragraphs 1 through 6 and further alleges:

12. The Defendant contracted with the Plaintiff to perform additional work on the aforementioned project on a time and materials basis as described in the NOSAT Contract Modification Claim submitted to the MSC, a copy of which is attached hereto as Exhibit B.

13. The Plaintiff performed additional services in connection with movement, as outlined in the invoice, a copy of which is attached hereto as Exhibit C.

14. The outstanding invoice remains unpaid.

15. Based upon the foregoing the Defendant is indebted to the Plaintiff for additional services in the sum of $960,053 plus prejudgment interest and costs.

WHEREFORE, the Plaintiff demands damages from the Defendant, NOSAT, for the full amount of its losses plus prejudgment interest, and costs, the sums sued for in this complaint.

## COUNT III

The Plaintiff realleges the statements contained in paragraphs 1 through 15 and further alleges:

16. The services rendered by the Plaintiff as outlined in Counts I and II herein, including the loading, securing, and unloading of the Craft-Amclyde Whirley Type Dock Crane ("Dock Crane 36" abbreviated DC-36) aboard the Barge Big Max, which was towed from Norfolk, Virginia to Brunswick, Georgia, constitute stevedoring services.

17. Stevedoring services are "necessaries" in accordance with 46 U.S. Code §31342 entitled "Establishing Maritime Liens." That statute provides that a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner (1) has a maritime lien on the vessel; (2) may bring a civil action *in rem* to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel.

18. The Defendant, NOSAT, is or was either an owner, or a person authorized by the owner of the vessels, to provide necessaries to those vessels.

19. The Tug Rio Bravo and Barge Big Max constitute a flotilla of vessels, and for the purpose of establishing liens, are considered to be a single unit.

20. By virtue of the foregoing, the Plaintiff has a maritime lien on the Tug Rio Bravo and the Barge Big Max to secure payment of the cost of the necessaries supplied to the vessels.

WHEREFORE, the Plaintiff prays:

1. That a warrant of arrest be issued against the Tug Rio Bravo and Barge Big Max and that all persons claiming any right, title, or interest therein may be cited to appear and answer all and singular matters aforesaid;

2. That the Honorable Court enter judgment for the Plaintiff against the Tug Rio Bravo and Barge Big Max, *in rem*, for the full amount of its claim plus prejudgment interest and costs.

Dated this 22nd day of August, 2016.

          Respectfully submitted,

          SULLIVAN & COMPANY

          /s/ G.J. Sullivan, Jr.
          _____
          G.J. Rod Sullivan, Jr.
          Florida Bar No.: 356794
          8777 San Jose Blvd., Ste 803
          Jacksonville, FL 32217
          (904) 355-6000 Office
          (904) 737-0920 Facsimile
          rs@fml-law.com

## VERIFICATION

My name is Thomas McDonough and I am the North American Division Services Manager of Cargotec Crane and Electrical Services, Inc. I am authorized by Cargotec Crane and Electrical Services, Inc. to sign this verification on its behalf and I have read the foregoing complaint and know the contents thereof to be true and correct, except for those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

I swear or affirm under penalty of perjury that the foregoing is true and correct.

Date: August 22, 2016

          _____
          by: Thomas McDonough
          its: N.A. Div. Services Manager

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2016 the foregoing document was served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

          /s/ G.J. Sullivan, Jr.
          _____
          G.J. Sullivan, Jr.