UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY

CARGOTEC CRANE AND ELECTRICAL
SERVICES, INC.,
       Plaintiff,

v.                                   CASE NO. 3:16-cv-361-J-34MCR

NORTHCLIFFE OCEAN SHIPPING &
TRADING CO., INC., *in personam*;
the Motor Tug RIO BRAVO, her engines,
tackle, furnishings, etc. and
the Barge BIG MAX, *in rem*,
       Defendants,
_____

NORTHCLIFFE OCEAN SHIPPING &
TRADING CO., INC.,
       Third Party Plaintiff,

v.

KALMAR GLOBAL, INC.,
       Third Party Defendant.
_____

The Motor Tug RIO BRAVO, her engines,
tackle, furnishings, etc. and
the Barge BIG MAX, *in rem*,
       Cross-Plaintiffs,
v.

NORTHCLIFFE OCEAN SHIPPING &
TRADING CO., INC.,
       Cross-Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Claimant Mobro Marine, Inc.'s[1] Motion for Order for Plaintiff to Show Cause Why Arrest Should Not Be Vacated ("Mobro's Motion for Order to Show Cause") (Doc. 44), Plaintiff's Objection thereto and Motion to Deny Without a Hearing Mobro's Motion for Order to Show Cause (Doc. 47), and Mobro's Response[2] thereto (Doc. 51).  On October 18, 2016, the Court held a hearing on these Motions.  (*See* Doc. 54.)  As the evidentiary portion of the hearing was continued to November 3, 2016, this Order will only address Plaintiff's arguments that the Motion for Order to Show Cause is procedurally defective.  For the reasons stated herein, the Court does not find Mobro's Motion for Order to Show Cause to be procedurally defective, and, therefore, Plaintiff's Motion to Deny Without a Hearing Mobro's Motion for Order to Show Cause (Doc. 47) is due to be **DENIED** and the evidentiary hearing on Mobro's Motion for Order to Show Cause will proceed as scheduled.

## I.   Background

On March 28, 2016, Plaintiff filed a non-verified Complaint against Northcliffe Ocean Shipping & Trading Co., Inc. ("NOSAT"), *in personam*, and the Motor Tug RIO BRAVO and the Barge BIG MAX, *in rem*, pursuant to 28 U.S.C. §

---

[1] Mobro is the registered owner of the Motor Tug RIO BRAVO and the Barge BIG MAX.  (*See* Doc. 43.)

[2] Although this document is titled "Reply in Support of Motion for Order for Plaintiff to Show Cause Why Arrest Should Not Be Vacated," the Court construes it as a response to Plaintiff's Motion.

1333 and Fed.R.Civ.P. 9(h), asserting maritime and admiralty jurisdiction.[3]  (Doc. 1.)  On June 3, 2016, prior to any responsive pleading being filed, Plaintiff filed a non-verified Amended Complaint and a Second Amended Complaint, also non-verified, that same day to correct a scrivener's error.  (Docs. 7, 8.)  On June 23, 2016, Defendant NOSAT filed an Answer and Affirmative Defenses to the Second Amended Complaint, and a Third-Party Complaint against Kalmar Global, Inc. (Doc. 14.)

On August 17, 2016, the Court denied without prejudice Plaintiff's first motion for issuance of arrest warrants for the Tug RIO BRAVO and the Barge BIG MAX, because the Second Amended Complaint was not verified as required by the Local Admiralty Rules.  (Doc. 27.)  On August 22, 2016, Plaintiff filed a Verified Second Amended Complaint (Doc. 29) and a second motion for issuance of arrest warrants, which the Court granted on August 23, 2016 (Docs. 31, 32, 34).  On August 26, 2016, Plaintiff Cargotec, Defendants RIO BRAVO and BIG MAX, and their owner Mobro, filed a Stipulation for release of the arrest warrants. (Doc. 36.)  The Stipulation indicated that Plaintiff agreed to accept a bond in the sum of $698,740.00 to forego the arrest of the vessels.  (*Id.*)  The Stipulation provided in relevant part:

> It is agreed by the undersigned that the bond posted herein shall stand with the same force and effect as if the Tug "Rio Bravo"

---

[3] Alternatively, the Complaint alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332.

and Barge "Big Max" had been seized under warrant of arrest and brought into the possession of the Court.  It is further agreed that the rights of all parties in this litigation proceeding shall stand and be in all respects as if the vessels had been seized under the warrants of arrest.

Mobro Marine, Inc. will appear in this action and file its "claims of owner" on behalf of the two vessels pursuant to Local Admiralty Rule 7.03(f) within twenty (20) days from the date of this Stipulation, as agreed by the parties.

The bond shall be treated in the same fashion as an undertaking in accordance with Local Admiralty Rule 7.03(e).

Upon receipt of the ORIGINAL bond by counsel for the Plaintiff, counsel for the Plaintiff shall immediately file a notice with the Court confirming receipt of the ORIGINAL bond and shall include the proposed Order on Stipulation for Release of Warrants of Arrest and Bond . . . .

(*Id.* at ¶ 5-8.)  Although the proposed order releasing the arrest warrants was attached to the Stipulation, it was noted that the order should not be entered until a notice was filed that the original bond had been received by Plaintiff.  (Doc. 36-2 at 2.)

On August 29, 2016, Plaintiff filed a motion to release the arrest warrants and notified the Court that Plaintiff had received an original bond from Mobro in the sum of $698,740.00.  (Doc. 38.)  Plaintiff stated that having substituted the bond in place of the vessels, the arrest warrants should be released and "this case it [sic] due to proceed against the vessels as if they had been seized and taken into the possession of the Court."  (*Id.* at 3.)  On August 30, 2016, the Court granted the motion for release of arrest warrants to the extent the execution of the warrants was stayed.  (Doc. 39.)

On September 6, 2016, NOSAT filed an Answer and Affirmative Defenses to the Verified Second Amended Complaint and an Amended Third-Party Complaint against Kalmar Global, Inc. and Kalmar, USA, Inc.  (Doc. 40.)  On September 15, 2016, Mobro filed a Claim of Owner as to RIO BRAVO and BIG MAX, entering a special appearance as a Claimant and demanding restitution of the vessels and right to defend this action.  (Doc. 41.)  On October 5, 2016, the vessels RIO BRAVO and BIG MAX filed an Answer and Affirmative Defenses to the Verified Second Amended Complaint and a Cross-Claim against NOSAT. (Doc. 42.)

On October 7, 2016, Mobro filed the present Motion for Order to Show Cause.  (Doc. 44.)  On October 11, 2016, the Court took Mobro's Motion for Order to Show Cause under advisement in part and granted it to the extent it scheduled a hearing on same.  (Doc. 45.)  On October 12, 2016, Plaintiff filed an Objection to Mobro's Motion and a Motion to Deny Without a Hearing Mobro's Motion for Order to Show Cause.  (Doc. 47.)  At the motion hearing held on October 18, 2016, the Court heard arguments from counsel for Mobro, NOSAT, and Plaintiff pertaining to the alleged procedural deficiencies of Mobro's Motion for Order to Show Cause.  (Doc. 54.)  This Order will address these alleged deficiencies.

## II.    Discussion

In its Motion for Order to Show Cause filed pursuant to Fed.R.Civ.P.

Supplemental Admiralty Rule E(4)(f)[4] and Local Admiralty Rule 7.03(g),[5] Mobro

argues that Plaintiff does not have a valid maritime lien on the vessels.  Mobro

asserts it is Plaintiff's burden to come forward with sufficient evidence to show

probable cause for the maintenance of the arrest and the retention of the bond.

Without addressing the merits of Mobro's Motion for Order to Show Cause,

Plaintiff argues that the Motion is procedurally defective and should be denied

without a hearing because (1) there are no warrants of arrest to be vacated and

there are no vessels in the custody or possession of the U.S. Marshal, (2) the

Motion is untimely, (3) the relief requested has been waived, and (4) there has

been inadequate time for discovery.  The Court will address each of Plaintiff's

contentions.

First, Plaintiff argues that Supplemental Rule E(4)(f) applies only when

property has been arrested or attached without notice and not when it has been

---

[4] Supplemental Admiralty Rule E(4)(f) provides:
**(f) Procedure for Release From Arrest or Attachment.**  Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules. . . .

[5] Local Admiralty Rule 7.03(g) provides:
(g) **Post-arrest Proceedings:** Coincident with the filing of a claim pursuant to Supplemental Rule (E)(4)(f), and Local Admiralty Rule 7.03(f)(1), the claimant may also file a motion and proposed order directing plaintiff to show cause why the arrest should not be vacated.  If the court grants the order, the court shall set a date and time for a show cause hearing.  Thereafter, if the court orders the arrest to be vacated, the court shall award attorney's fees, costs, and other expenses incurred by any party as a result of the arrest. . . .

arrested with notice or not arrested at all.[6]  Here, the vessels were not arrested because Mobro obtained a bond, provided it to Plaintiff, Plaintiff accepted the bond, and agreed to forego arresting the vessels.[7]  Plaintiff argues that Mobro is not entitled to a Rule E(4)(f) hearing because the warrants for arrest, which were not executed in light of the bond, have been superseded by the bond and there is no basis for further proceedings to vacate the warrants.

Plaintiff's argument misses the point.  The fact that Mobro posted a bond as substitute security in lieu of an arrest makes no difference.  The parties here stipulated that the bond "shall stand with the same force and effect as if the Tug 'Rio Bravo' and [the] Barge 'Big Max' had been seized under warrant of arrest and brought into the possession of the Court[,] . . . that the rights of all parties in this litigation proceeding shall stand and be in all respects as if the vessels had been seized under the warrants of arrest[,] . . . [and that] [t]he bond shall be treated in the same fashion as an undertaking in accordance with Local Admiralty

---

[6] Plaintiff states that the motion seeking issuance of arrest warrants was not a surprise to Mobro.  On August 11, 2016, Mobro's Vice President and Chief Operating Officer contacted Plaintiff regarding the potential arrest.  On August 16, 2016, Mobro's counsel tendered defense of this matter to NOSAT.  On August 26, 2016, Mobro's counsel filed a notice of appearance on behalf of the vessels.  Thus, Plaintiff notes, the potential arrest of the vessels has been in progress for almost two months before Mobro filed its Motion for Order to Show Cause.

[7] Plaintiff points out that the Court does not have possession of the original bond because Mobro insisted that Plaintiff maintain possession of it and file only copies with the Court.

Rule 7.03(e)."[8]  (Doc. 36, ¶ 5-8.)  Further, Plaintiff's own motion for release of the arrest warrants, filed on August 29, 2016, provided, in relevant part, that having substituted the bond in place of the vessels, "this case [is] due to proceed against the vessels as if they had been seized and taken into the possession of the Court."  (Doc. 38 at 3.)

Having agreed to such terms and having made such representations, Plaintiff cannot seriously argue that the parties' rights in light of the bond are any different from what they would have been if the warrants had been actually executed.  The Court has accepted the parties' Stipulation and, pursuant to its terms, will treat the bond as an undertaking.  *See Cont'l Grain Co. v. Fed. Barge Lines, Inc.*, 268 F.2d 240, 243 (5th Cir. 1959) ("The parties are at one that fair application of the letter undertaking and particularly the Non-Waiver of Rights Clause requires that we treat it as though, upon the libel being filed, the vessel had actually been seized, a Claim filed, a stipulation to abide decree with sureties executed and filed by Claimant, and the vessel formally released.  Any other course would imperil the desirable avoidance of needless cost, time, and inconvenience to litigants, counsel, ships, Clerks, Marshals, Keepers and court personnel through the ready acceptance of such letter undertakings.").  The legal

---

[8] Local Admiralty Rule 7.03(e) provides in part: "If, before or after the commencement of an action, a party accepts any written undertaking to respond on behalf of the vessel and/or other property in return for foregoing the arrest, the undertaking shall be substituted for the vessel or other property sued *in rem*."

effect of the stipulation for value "is the same as the presence of the res in the court's custody." *Cont'l Grain*, 268 F.2d at 244 n.6 ("The stipulation for value is a complete substitute for the res, and the stipulation for value alone is sufficient to give jurisdiction to a court because its legal effect is the same as the presence of the res in the court's custody.").

Therefore, Plaintiff's argument that a vessel owner does not have a right to a post-arrest hearing when a vessel is arrested with notice or not arrested at all, is rejected.[9]  Mobro, as a "person claiming an interest" in the vessels, Fed.R.Civ.P. Suppl. Adm. R. E(4)(f),[10] is entitled to a Rule E(4)(f) hearing, at which it "may attack 'the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings,'" *Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp. 2d 519, 527 (S.D.N.Y. Aug. 1, 2006).

Plaintiff further argues that the relief requested in the Motion for Order to Show Cause has been waived for two reasons.  First, by entering into a Stipulation where Mobro agreed to post a bond, it is argued that Mobro waived

---

[9] Plaintiff supports its position by citing to a Magistrate Judge's report and recommendation issued in *CGI Finance, Inc. v. C & V Sportfishing, LLC*, Case No.: 12-60857-CIV, 2012 WL 5077139, *1 (S.D. Fla. Sept. 21, 2012), which provides, in part, that "[a] post-arrest hearing is designed to provide due process to a shipowner whose vessel has been seized without notice."  The Court does not read *CGI Finance* as Plaintiff suggests.

[10] As Supplemental Admiralty Rule E(4)(f) provides for a prompt hearing to "any person claiming an interest" in property that is arrested or attached, Plaintiff's argument that Mobro lacks standing to bring the Motion for Order to Show Cause, is rejected.  Although Mobro originally filed an unverified Claim of Owner, it has verified its claim on October 25, 2016.  (*See* Doc. 64.)

any right to a hearing.  However, as shown above, the Stipulation expressly provides that the bond would stand with the same force and effect as if the vessels had been arrested.  Secondly, Plaintiff argues that even if the right to a hearing was not waived by entering into the Stipulation, it was waived by failing to raise the issue in a timely manner because the Motion for Order to Show Cause was not filed by September 10, 2016, *i.e.*, within 14 days after the Stipulation was filed.  Plaintiff argues that because the issue was not raised by September 10, 2016, or on September 15, 2016 when Mobro filed its Claim of Owner, or on October 5, 2016 when Mobro filed an Answer and Affirmative Defenses on behalf of the vessels and a Crossclaim, Mobro has waived the relief requested in the Motion for Order to Show Cause.  Mobro responds that Plaintiff has misinterpreted the Local Admiralty Rules, which require the claim to be filed within 14 days after process has been executed, but not necessarily the Motion coincident with the filing of the claim.

Here, pursuant to Local Admiralty Rule 7.03(f) and the parties' Stipulation, Mobro filed its Claim of Owner on September 15, 2016, or within 20 days from the date of the Stipulation, as agreed.  (*See* Doc. 36.)  Mobro filed its Motion for Order to Show Cause on October 7, 2016.  (Doc. 44.)  The Court does not read Local Admiralty Rule 7.03(g) as *requiring* Mobro to file its Motion coincident with the filing of its Claim of Owner, but rather as *allowing* Mobro to do so.  (*See* M.D. Fla. Admiralty & Maritime R. 7.03(g) ("Coincident with the filing of a claim

10

pursuant to Supplemental Rule (E)(4)(f), and Local Admiralty Rule 7.03(f)(1), the claimant may also file a motion and proposed order directing plaintiff to show cause why the arrest should not be vacated.").)  Furthermore, the only case that Plaintiff cites to support its argument that Mobro's Motion was untimely—*Servicio Marina Superior, LLC v. Matrix International Ltd.*—is distinguishable because in that case, the defendant filed its motion to vacate only after the trial, and it did not request a Rule E(4)(f) hearing or file a motion for a hearing at any time during the pendency of the proceedings.  *Servicio Marina*, Case No.: 07-0770-KD-C, 2009 WL 734114, *6 (S.D. Ala. Mar. 17, 2009).

Plaintiff also argues that the relief sought by Mobro is moot because Mobro has invoked the Court's jurisdiction by filing a Crossclaim against NOSAT (Doc. 42), submitting to the personal jurisdiction of the Court and asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and Rule 9(h). As such, Plaintiff argues, Mobro cannot assert that the Court lacks personal jurisdiction over it, after posting a bond through which the Court acquired personal jurisdiction.  Mobro responds that its Crossclaim is a pleading in the alternative, *i.e.*, in the event that the Court finds that Plaintiff has met its burden and there is *in rem* jurisdiction over the vessels, the Crossclaim would proceed, but if the Court finds there is no *in rem* jurisdiction over the vessels, the Crossclaim would dissolve.  Mobro explains that it is not Mobro's Motion against Plaintiff that could become moot, but rather Mobro's Crossclaim against NOSAT.

11

The Court agrees with Mobro and, therefore, rejects Plaintiff's assertion of mootness.

The Court also rejects Plaintiff's assertion that a hearing is unnecessary as the Court has already decided, based on the verified Second Amended Complaint, that there was probable cause for issuing the arrest warrants.  Plaintiff states that Mobro's Motion, which is unsupported by affidavits or other sworn testimony, does nothing to assist the Court in making a determination of whether or not that initial determination establishes a *prima facie* case.  However, it is Plaintiff's burden to show that the arrest warrants should not be vacated, and while the post-arrest hearing is not intended to resolve definitively the parties' dispute, but only to make a preliminary determination whether there were reasonable grounds for issuing the warrants, Plaintiff must show that reasonable grounds exist for issuing the warrants and retaining the bond.  *See, e.g.*, *Maersk, Inc.*, 443 F. Supp. 2d at 527 ("[I]t is the plaintiff's burden to show that the attachment should not be vacated. . . . Supplemental Rule E does not restrict review to the adequacy of the allegations in the complaint. . . . A court also may consider any allegations or evidence offered in the parties' papers or at the post-attachment hearing."); *Ullises Shipping Corp. v. FAL Shipping Co. Ltd.*, 415 F. Supp. 2d 318, 322-23 & n.37 (S.D.N.Y. 2006)[11] (stating that at the post-arrest

---

[11] This is the case that Plaintiff has cited, but it actually supports Mobro's position.

12

hearing, "the plaintiff must present evidence showing that the attachment was reasonable"), *rejected, on other grounds*, *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006); *Linea Naviera de Cabotaje, C.A. v. Mar Caribe de Navegacion, C.A.*, 169 F. Supp. 2d 1341, 1357-58 (M.D. Fla. 2001) (affirming Judge Corrigan's decision to consider additional evidence at the post-attachment hearing and to deny the motions to dissolve the attachment, and stating, *inter alia*, that "Supplemental Rule E does not restrict review to the adequacy of the allegations in the complaint, nor does it echo the standards of the initial attachment that conditions *appear to exist;* rather Rule E requires plaintiff . . . [to] show why the attachment should not be vacated") (emphasis in original).

In addition, Plaintiff argues that Mobro is seeking relief other than vacating the warrants.  According to Plaintiff, Mobro appears to be seeking dismissal of the Verified Second Amended Complaint pursuant to Rule 12(b)(6), an order for judgment on the pleadings under Rule 12(c), or an order for summary judgment under Rule 56.  Plaintiff argues that it would be a denial of its due process rights to consider such a claim for relief until there has been a full and fair opportunity to conduct discovery.  However, as shown earlier, Rule E(4)(f) provides for a "prompt hearing" and is concerned with protecting the claimant's, rather than Plaintiff's, due process rights.  Although Plaintiff argues that under Rule 12(d), Fed.R.Civ.P., if matters outside the pleadings are presented, the motion must be

13

treated as one for summary judgment and the parties must be given an opportunity to present all pertinent materials, Rule 12(d) is not implicated here because Mobro has not filed a motion under Rule 12(b)(6) or 12(c).  As shown earlier, it is proper to consider matters outside the pleadings at a Rule E(4)(f) hearing.

Based on the foregoing, the Court rejects Plaintiff's arguments that Mobro's Motion for Order to Show Cause is procedurally deficient and the Court will proceed with the evidentiary hearing scheduled for November 3, 2016.

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Deny Without a Hearing Mobro's Motion for Order to Show Cause (**Doc. 47**) is **DENIED** and the evidentiary hearing will proceed as scheduled.[12]

**DONE AND ORDERED** at Jacksonville, Florida, on November 1st, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Any Unrepresented Party

---

[12] The parties are encouraged to provide the Court with two copies of any exhibits that would be presented at the hearing, if such exhibits have not already been filed on the docket.